**Luis VÉLEZ SANTIAGO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ. 84–1856 (RLA).**

United States District Court, D. Puerto Rico.

Aug. 1, 1986.

Iván de Jesús Marrero, San Juan, P.R., for plaintiff.

Osvaldo Carlo Linares, Asst. U.S. Atty., Civil Div., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

The parties have filed cross-motions for summary judgment[1] upon a stipulation of the following uncontested facts.[2]

1. The existence of a lease contract for an original term of ten (10) years subscribed between defendant and plaintiff's predecessor in title, Ana Maria Marques, which began April 1, 1974 and expired on March 31, 1984.

2. The above-referred lease contract is printed on defendant's Postal Service Form 7449.

3. The above-referred lease contract has a renewal clause which in its pertinent part reads as follows: "5. This lease may be renewed, at the option of the Postal Service, for the following ... provided notice be given in writing to the lessor at least 60 days before the end of the original lease term or any renewal term."

4. Plaintiff purchased the leased property from Mrs. Marques on May 20, 1977; and, on October 3, 1977, plaintiff signed a Certificate of Transfer of Title to Leased Property, Postal Service Form 7461.

5. The last day to give the written notice to the lessor under the terms of the renewal clause was January 31, 1984, computed on the expiration date of the original term, i.e., March 31, 1984.

6. Defendant received a letter from plaintiff dated March 1, 1984, stating that its failure to timely exercise the option to renew caused the expiration of the lease agreement as of March 31, 1984.

7. Under normal postal service schedules, if the renewal notice was deposited in the General Post Office, San Juan, on January 31, 1984, at 5:00 p.m., the letter should have arrived at Lares on February 1, 1984 and placed in the lessor's box that day.

8. For the sole purpose of the motions for summary judgment to be filed by the parties, it is further stipulated that the renewal option is dated January 31, 1984 and was deposited in the General Post Office, San Juan, on January 31, 1984, at or around 5:00 p.m., by certified mail, return receipt requested.

9. It is the position of the Lares postmaster that the mailing piece containing the renewal notice arrived at the Lares post office on February 2, 1984 and was received and signed for by plaintiff on that same day.

For purposes of their motions, the parties agree that pursuant to the terms of the contract defendant had until January 31, 1984 to give written notice to plaintiff that it wished to exercise its option to renew the lease contract for another term.

It is also uncontested that the renewal notice was deposited by defendant in the General Post Office, San Juan, on January 31, 1984, at 5:00 p.m., and that it was received and signed for by plaintiff in Lares on February 2, 1984.

The parties are in disagreement as to whether the date of notice of renewal shall be considered as the mailing date or the date of receipt by the lessor.

The Puerto Rico Civil Code at 31 L.P. R.A. sec. 3401 specifically deals with acceptance to contract terms when made by mail and, where pertinent, provides: "An acceptance made by letter does not bind the person making the offer, but from the time it came to his knowledge ..."

According to the facts in this case, the lessor learned about the defendant's response on February 2, 1984, upon receiving the letter.

Defendant argues that this provision is inapposite to the situation at bar since

1. Both motions were filed on September 30, 1985 (Docket Nos. 30 and 31).

2. Filed on September 16, 1985 (Docket No. 29).

there was already a contract in effect between the parties whereby the lessor's predecessors in interest agreed upon the lease terms and provided for renewal options at the exclusive discretion of the defendant. In other words, that there was no longer a need for concurrence of an offer and acceptance. We disagree.

An option is a contract whereby a party is given a period of time to decide whether or not he will enter into a contract whose terms and conditions have previously been agreed upon by both parties. Thus, the effectiveness of the contract will depend on the unilateral acceptance by the one who received an option.

■ However, it is clear that the option contract presupposes a standing offer binding the person giving the option for a specified period of time. III-3o. *Fundamentos de Derecho Civil,* José Puig Brutau, 2d ed. (1974), p. 502.

This principle also appears in Black's Law Dictionary, 5th ed. (1979), where an option is defined as: "a right which acts as a *continuing offer,* given for consideration, to purchase or lease property at an agreed upon price and terms, within the specified time." (Emphasis ours.)

■ Once the period specified in the option has elapsed, the offer ceases to have legal effect [3] and the person who gave the option is no longer required to abide by the terms of the original agreement.

■ According to the contract at issue, the offer was to expire on January 31, 1984. It appearing that pursuant to 31 L.P.R.A. sec. 3401 the lessor received notice upon delivery of the letter on February 2, 1984, it could no longer have any legal effect on the lessor.

The case of *Pons v. Rivera,* 85 P.R.R. 502 (1962), cited by defendant for the proposition that the date of the notice should be the day when it was deposited in the post office, was decided on insurance practices, which have no application here.

Whether or not plaintiff was bound by all the renewal clauses in the lease contract is moot given our ruling today.

There being no issue as to a material fact, summary judgment is proper on the timeliness of the notice issue. *See, FDIC v. Roldán,* 795 F.2d 1102 (1st Cir.1986).

Based on the foregoing, plaintiff's motion for summary judgment filed on September 30, 1985 (Docket No. 30) is hereby granted. The Court finds that the renewal notice given by defendant was untimely and plaintiff is not bound to lease the property to the defendant under the original lease contract terms.

It appearing the cross-claim filed by defendant on May 7, 1985 (Docket No. 20) for Twenty-Six Thousand Three Hundred Forty-Four Dollars and Fifty-Six Cents ($26,-344.56) is still pending, trial on this issue shall be held on December 5, 1986, at 9:00 a.m.

The parties shall file an amended pretrial order in accord with this Opinion and Order no later than September 30, 1986.

IT IS SO ORDERED.

---

3. Puig Brutau, *supra,* at p. 513.